Daniel J. Gallagher, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 12, 1977, before Judges CRUM-LISH, JR., WILKINSON, JR. and ROGERS, sitting as a panel of three.

*Paul G. Domolakes,* with him *Charles A. Bressi, Jr.,* for petitioner.

*Susan Shinkman,* Assistant Attorney General, with her *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE ROGERS, October 14, 1977:

This is an appeal by Daniel J. Gallagher (appellant) from an order of the Unemployment Compensation Board of Review (Board), dated August 5, 1976, in which the Board affirmed its referee's decision denying unemployment compensation benefits to appellant pursuant to Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802 (e) (Act) on the ground that appellant had been discharged for wilful misconduct.

Appellant was employed as a machine operator by Universal Packaging Corporation of Mt. Carmel, Pennsylvania for a little over three years. The record shows that during the first nine months of 1975, appellant was either absent from or late for work a total of thirty-nine times (not including temporary lay-off) due to family or personal illness. Appellant had received two written warnings concerning his unexcused lateness and absences from his shift supervisor; one on August 11, 1975 which warned appellant about arranging his personal business appointments so that they would no longer interfere with his work schedule and the start of his working day,[1] and another on September 24, 1975 which warned appellant about his unexcused absences and lateness. On October 8, 1975, appellant delivered a doctor's certificate to his employer which stated that appellant would be under the doctor's care from October 8, 1975 until October 13, 1975 but that appellant would be able to return to work on October 13, 1975. It is undisputed that appellant did not report to work on October 13, 1975 and did not notify his employer that he would be absent. Upon reporting to work on October 14, 1975, appellant was discharged for his failure to give proper notice of his absence the previous day.

In this appeal, the appellant challenges the findings of the Board as not being supported by the evidence and predicates his argument upon the assumption that his absence was due to illness which was properly reported on October 8, 1975. The Board found that the properly reported absence of October 8, 1975 did not include the work day of October 13,

---

[1] Appellant questions the accuracy of this finding on the ground that the only evidence in the record which indicates that appellant made other appointments for personal business during working hours is the warning letter of August 4, 1975 from the shift supervisor to appellant.

1975,[2] on which date appellant failed to report for work or to contact the employer to give proper notice of his absence. The existence of the company policy which required employees to give the employer proper notice of their absence before the beginning of their assigned shift was not disputed. That appellant was aware of this policy is evidenced by his past conduct in following this policy and by the two written warnings which he had received from his shift supervisor.

Our scope of review in unemployment compensation cases is confined to questions of law and, absent fraud, a determination as to whether the Board's findings are supported by the evidence. Questions of credibility, evidentiary weight, and the inferences to be drawn from the evidence are for the Board to decide. *Unemployment Compensation Board of Review v. Haughton Elevator Co.*, 21 Pa. Commonwealth Ct. 307, 345 A.2d 297 (1975); *Yasgur v. Unemployment Compensation Board of Review*, 16 Pa. Commonwealth Ct. 33, 328 A.2d 908 (1974).

Section 402(e) of the Act, 43 P.S. §802(e) provides that an employee shall be ineligible for unemployment compensation for any week: "(e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work. . . ." Although the term "wilful misconduct" is not defined in Section 402(e) of the Act, the courts have established a definition. In *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 90, 97, 309 A.2d 165, 168 (1973), the Court stated:

> For behavior to constitute wilful misconduct, it must evidence (1) the wanton and wilful disre-

---

[2] The doctor's certificate presented to the employer on October 8, 1975 specifically stated that appellant would be able to return to work on October 13, 1975.

gard of the employer's interest, (2) the deliberate violation of rules, (3) the disregard of standards of behavior which an employer can rightfully expect from his employe, or (4) negligence which manifests culpability, wrongful intent, evil design, or intentional and substantial disregard for the employer's interests or the employee's duties and obligations.

It has been clearly established that failure to report an absence caused by illness in the manner prescribed by established company policy is wilful misconduct. *Unemployment Compensation Board of Review v. Leonhart*, 24 Pa. Commonwealth Ct. 196, 353 A.2d 925 (1976); *Unemployment Compensation Board of Review v. Kells*, 22 Pa. Commonwealth Ct. 479, 349 A.2d 511 (1975); *Ferko v. Unemployment Compensation Board of Review*, 9 Pa. Commonwealth Ct. 597, 309 A.2d 72 (1973). That this failure to report his absence was the precipitating cause of appellant's discharge is evident from the testimony of Mr. Macheskie who was appellant's shift supervisor:

"QR: Mr. Macheskie you are the shift supervisor?

"AC: Yes sir.

"QR: Did Mr. Gallagher work under your supervision?

"AC: Yes sir.

"QR: Are you the one who discharged him?

"AC: Yes sir.

"QR: What were the reasons for this discharge?

"AC: Absent without excuse."[3]

Although appellant contends that he was unable to

_____

[3] These quotations are taken from the record of the referee's hearing which was held on December 17, 1975. Although the typewritten copy of the record designates the answers to the referee's questions as the testimony of the appellant by the symbol AC, it is apparent that the referee was questioning Mr. Macheskie, and that these are the answers of Mr. Macheskie.

telephone his employer to report his absence because he had tonsilitis and could not get to a telephone, the Board found that appellant had simply failed to contact his employer. We believe that the Board may well have concluded that appellant's failure to notify his employer was inexcusable, especially in light of the fact that there was additional testimony in the record which indicated that on prior occasions when appellant himself was unable to telephone his employer to report his absence, he arranged to have his wife telephone for him. It is within the Board's discretion to believe or reject the testimony given at a hearing since questions of credibility are for the Board to decide. *Haughton Elevator Co., supra.* We are bound by their findings where, as here, they are supported by the evidence. *Yasgur, supra.* Thus, we conclude that the Board was correct in finding that appellant's failure to give proper notice of his absence on October 13, 1975 did constitute wilful misconduct within the meaning of Section 402(e) of the Act. This conclusion is strongly supported by the fact that appellant had received two prior warnings about his unexcused absence and tardiness, even though the existence of such warnings is not necessary to establish wilful misconduct. *Hinkle v. Unemployment Compensation Board of Review,* 9 Pa. Commonwealth Ct. 512, 308 A.2d 173 (1973).

Appellant seeks to avoid this conclusion by relying on *Flynn Unemployment Compensation Case,* 174 Pa. Superior Ct. 71, 98 A.2d 490 (1953) (also referred to as the *Crib Diaper* case), and on *Unemployment Compensation Board of Review v. Bacon,* 25 Pa. Commonwealth Ct. 583, 361 A.2d 505 (1976). In *Flynn, supra,* the claimant had properly informed the company on the first day of her absence, but failed to do so on the second day. Both *Flynn, supra* and *Bacon, supra* are distinguishable from the present case in that in nei-

ther of those cases was there any evidence that the claimants had either poor attendance records or prior warnings concerning their unexcused absences.

In this appeal, the appellant has also questioned the fairness of his hearing before the referee on the ground that his attorney was not present at that hearing. An examination of the record indicates that appellant freely agreed to proceed without his attorney, that he was given the opportunity and, in fact, did present his testimony and evidence, and that he was asked throughout the hearing whether or not he had anything further to add to that which had been entered into the record. Additionally, the appellant did not request a further hearing anywhere in his appeal. We believe that appellant was given a fair and adequate hearing before the referee.

In summary, our careful review of the entire record requires us to conclude that appellant had a fair and adequate hearing, that the Board's findings are supported by substantial evidence, and we find no error of law in its conclusion that appellant had been discharged for wilful misconduct.

Accordingly, we enter the following

ORDER

AND Now, this 14th day of October, 1977, the order of the Unemployment Compensation Board of Review in the above-captioned matter, dated August 5, 1976, is affirmed.