Melinda R. McQuiston, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued June 5, 1978, before Judges CRUMLISH, JR., BLATT and DiSALLE, sitting as a panel of three.

*Mary Ann McConnell,* with her *Anna Belle Jones,* for petitioner.

*Michael Klein,* Assistant Attorney General, with him *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE CRUMLISH, JR., August 16, 1978:

Melinda R. McQuiston (Claimant) appeals a decision of the Unemployment Compensation Board of Review (Board) affirming a referee's denial of benefits.

Claimant was last employed as a social worker with the Civilian Personnel Division of the Department of the Army in Bersena, Italy. During her last three years of employment with the Army, she experienced severe sinus problems. Claimant consulted a doctor in her hometown of Sharon, Pennsylvania, as well as Army physicians in Italy. According to her testimony, Claimant was advised that the atmospheric conditions in the area of Italy where she was stationed were aggravating her condition. Subsequently, Claimant terminated her employment and applied for unemployment compensation.

Benefits were denied by the referee due to the lack of medical evidence that health reasons necessitated Claimant's termination. Upon appeal to the Board, the referee's denial was affirmed. In response to Claimant's request for oral argument, the Board vacated its decision and scheduled argument. No appearances were entered at oral argument though Claimant did submit a brief. Subsequently, the Board reinstated its earlier decision disallowing benefits. From this second denial, Claimant appeals.

Claimant first presents for our consideration her contention that she was denied due process of law. This argument is premised upon her assumption that the Board failed to consider her written brief once she had waived oral argument. To support her allegation, Claimant merely points to the Board's second decision containing, in part, the following language:

Whereas, the Unemployment Compensation Board of Review issued a decision on January 6, 1977, disallowing benefits to the claimant under the provisions of Section 402(b)(1) of the Law; and

Whereas, the claimant requested argument before the Board of Review; and

Whereas, the Board of Review, on February 2, 1977 granted the claimant's request, vacated its prior Board decision, and scheduled oral argument before the Board on February 16, 1977; and

Whereas, no appearances were made before the Board on February 16, 1977.

Claimant argues that this language is sufficient to indicate that the Board failed to consider her brief. We disagree. Although no mention of Claimant's brief is made in this second decision, we cannot assume, based merely upon this omission, that the Board

failed to consider her brief. Claimant has presented no additional evidence to support this allegation.

Claimant next contends that the Board erred as a matter of law in concluding that she terminated her position without cause of a compelling or necessitous nature.

A claimant who voluntarily terminates her employment for health reasons must (1) offer competent testimony that *at the time of her termination* adequate health reasons existed to justify termination; (2) inform the employer of the health problems; and (3) specifically request the employer to transfer her to a more suitable position. *Johnson v. Unemployment Compensation Board of Review*, 37 Pa. Commonwealth Ct. 231, 389 A.2d 724 (1978). The Board in its brief argues that Claimant satisfied neither the first nor the third criterion.

Our Supreme Court in *Deiss v. Unemployment Compensation Board of Review,* 475 Pa. 547, 381 A. 2d 132 (1977), recently dealt at length with the first requirement. In that case, the claimant had been under a doctor's care for over a year before his termination. That doctor testified before the referee that, at the time of termination, the claimant would have suffered a nervous breakdown had he continued employment. As the Court wrote, "[t]his opinion was based on the results of over one year of analysis prior to [the claimant's] termination of employment." 475 Pa. at 556, 381 A.2d at 136.

The record, in the case at hand, contains no evidence as to the medical reasons justifying Claimant's termination other than her own testimony describing her symptoms and three letters from two physicians. The first letter indicated that Claimant was in good health and that no medical reason existed to support her allegation of inability to work. A second letter from a different doctor indicated Claimant's "prob-

lems could be due to allergic rhinitis." The third letter written by the same doctor indicated that Claimant had seen the writer because of "headaches associated with allergic rhinitis" and that she was "forced to give up her job overseas because of inability to get allergic treatment."

We are of the view that this does not meet the standard set forth in *Deiss, supra*. This third statement appears to be merely a restatement of the case history given by Claimant to the doctor. It fails to *adequately explain and support the* health reasons as they existed on the date of the termination. *See Deiss, supra,* and *Elshinnawy v. Unemployment Compensation Board of Review*, 12 Pa. Commonwealth Ct. 597, 317 A.2d 332 (1974). Nor is there any evidence that this physician ever examined Claimant on or before her last day of employment. Moreover, there is no indication that this physician, whose office is located in Ohio, had any first-hand knowledge of the medical facilities available to Claimant in Italy.

Additionally, there is no evidence of record that Claimant requested Employer to transfer her to a more suitable position within the Army where her condition might be less severely aggravated or where treatment for her allergies was available. As the Board notes in its brief, the Army is a large employer and it is possible Claimant could have been transferred to a different location. Having concluded that Claimant indisputably failed to satisfy both the first and third criteria required to establish a cause of a necessitous and compelling nature, we affirm.

Accordingly, we

### Order

And Now, this 16th day of August, 1978, the decision of the Unemployment Compensation Board of Review is affirmed.