Rosa Lee Nicely, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued April 4, 1979, before President Judge BOWMAN and Judges WILKINSON, JR., ROGERS, BLATT, CRAIG and MACPHAIL. Judges CRUMLISH, JR., MENCER and DISALLE did not participate.

*Nathaniel C. Nichols,* for petitioner.

*Richard Wagner,* Chief Counsel, Assistant Attorney General, with him *Michael D. Klein,* Assistant Attorney General, and *Gerald Gornish,* Acting Attorney General, for respondent.

OPINION BY JUDGE BLATT, July 13, 1979:

The issue here is whether or not the petitioner, Rosa Lee Nicely, was able and available for work and therefore eligible for unemployment compensation benefits.

The petitioner was a school-crossing guard who became unemployed at the end of the school term and was denied unemployment compensation benefits during the ensuing summer months. The referee found she was not realistically attached to the labor market because she expected and intended to return to her school employment in September, and the law is clear that a person unemployed because of a pre-scheduled vacation, such as during a summer recess, is not truly able and available for work and is, therefore, ineligibile for unemployment compensation benefits. *Ortiz v. Unemployment Compensation Board of Review,* 42 Pa. Commonwealth Ct. 234, 400 A.2d 685 (1979); *Hyduchak v. Unemployment Compensation Board of Review,* 35 Pa. Commonwealth Ct. 575, 387 A.2d 669 (1978).

The petitioner argues that she had been employed by the city of Chester, which is not an educational in-

stitution, and that the general rule as to school employes is inapplicable in her case. We believe, however, that the identity of her employer is irrelevant to the determination of whether or not she reasonably expected to return to her employment following the pre-scheduled school vacation period.

The petitioner also argues that she was denied due process of law because her lack of legal counsel at the referee's hearing prevented her from being heard in a meaningful manner. She was advised, however, in her notice of hearing that she had the right to have counsel present at the hearing and it is well settled that one is not denied a fair hearing merely because no counsel is present, especially when the record reveals that the petitioner was freely allowed to testify herself, was given the opportunity to procure counsel and was given the opportunity to present any evidence she had available. *Gallagher v. Unemployment Compensation Board of Review*, 32 Pa. Commonwealth Ct. 160, 378 A.2d 502 (1977).

The order of the Board is affirmed.

### ORDER

AND Now, this 13th day of July, 1979, the order of the Unemployment Compensation Board of Review denying benefits to Rosa Lee Nicely is hereby affirmed.