John J. Vehec, Jr., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued May 10, 1979, before Judges WILKINSON, JR., BLATT and DISALLE, sitting as a panel of three.

*James J. Schwartz*, for petitioner.

*William Kennedy*, Assistant Attorney General, with him *Michael D. Klein*, Assistant Attorney General, *Richard Wagner*, Assistant Attorney General, Chief Counsel, and *Edward G. Biester, Jr.*, Attorney General, for respondent.

OPINION BY JUDGE BLATT, August 3, 1979:

John J. Vehec, Jr. (claimant) seeks review of an order of the Unemployment Compensation Board of Review (Board), which affirmed a referee's determination that he was ineligible for benefits under Section 402(e) of the Unemployment Compensation Law,[1] 43 P.S. §802(e), for willful misconduct in connection with his work.

The findings of the referee, which are supported by the evidence, establish that the claimant did not report for work on July 3, 1977, or thereafter. Although his wife called his employer and indicated that the claimant would not be reporting for work, she gave no reason, and, although the employer attempted many times to reach the claimant later by telephone, he would not take or return any of the calls. The employer's policy, with which the claimant did not comply, was that a doctor's excuse was required after two days of absence before any employee could return to work. By a letter dated July 19, 1977, the claimant was discharged as of July 10, 1977, which was one week after his last day of work.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §751 et seq.

The Board was clearly justified in concluding that the claimant was discharged for willful misconduct. *See Gallagher v. Unemployment Compensation Board of Review*, 32 Pa. Commonwealth Ct. 160, 378 A.2d 502 (1977). Although he may, indeed, have been ill and under the care of a physician as he now argues, we agree with the Board that he has not presented sufficient justification for his failure to comply with the employer's absence policy.[2] *See Department of Agriculture v. Unemployment Compensation Board of Review*, 44 Pa. Commonwealth Ct. 279, 403 A.2d 237 (1979).

ORDER

AND Now, this 3rd day of August, 1979, the order of the Unemployment Compensation Board of Review in the above-captioned case is hereby affirmed.

---

[2] The claimant also challenges a finding of the Board regarding a threat made to coemployees; this finding, however, is not necessary to support the Board's conclusion of willful misconduct on the part of the claimant.