Charles Shultz, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued November 16, 1979, before Judges ROGERS, BLATT and MACPHAIL, sitting as a panel of three.

*Stuart A. Cilo,* for appellant.

*John T. Kupchinsky,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for appellee.

OPINION BY JUDGE ROGERS, December 14, 1979:

Charles Shultz has appealed from an order of the Unemployment Compensation Board of Review (Board) sustaining a referee's decision that Shultz is ineligible for employment benefits because "his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature." Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, §402(b)(1), *as amended,* 43 P.S. §802(b)(1). We affirmed.

Shultz left his employment as a cab driver because his employer allegedly failed to provide him with a safe automobile. He applied for unemployment compensation benefits and was determined to be ineligible. Shultz appealed from this determination and a hearing was held before a referee at which Shultz and his former employer, neither represented by counsel, were the only witnesses. The referee, after eliciting testimony from both parties, found that Shultz had voluntarily terminated his employment without cause of a necessitous or compelling nature and affirmed the de-

nial of unemployment compensation benefits. The Board of Review affirmed the referee's decision.

Shultz does not in this appeal dispute the Board's finding that he voluntarily left his job without necessitous or compelling circumstances. Nor could he do so, for the record reveals the presence of substantial evidence in support of the Board's findings which are, therefore, beyond our power to disturb. *Gallagher v. Unemployment Compensation Board of Review,* 32 Pa. Commonwealth Ct. 160, 378 A.2d 502 (1977). Shultz contends rather that he was denied procedural due process by the referee's failure explicitly to advise him of his rights to counsel and of his right to produce and cross-examine witnesses. We disagree. Neither considerations of due process nor the rules of procedure governing hearings in unemployment compensation cases require that the referee tender such advice. *See Gonzalez v. Unemployment Compensation Board of Review,* 39 Pa. Commonwealth Ct. 70, 395 A.2d 292 (1978), and cases there cited. A fair hearing requires only that the parties be permitted to testify freely and that they not be deprived of their rights to counsel, or of their right to offer and cross-examine witnesses. *Unemployment Compensation Board of Review v. Tumulo,* 25 Pa. Commonwealth Ct. 264, 269, 360 A.2d 763, 766 (1976). The referee, after fully examining Shultz and his former employer, gave Shultz an opportunity to enlarge on his testimony. The referee did not deny the appellant his right to counsel or to produce and cross-examine witnesses.

Accordingly, we enter the following:

### ORDER

AND Now, this 14th day of December, 1979, the order of the Unemployment Compensation Board of Review denying unemployment compensation benefits to Charles Shultz is affirmed.