John H. Steffy, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 7, 1980, before Judges BLATT, MACPHAIL and WILLIAMS, JR., sitting as a panel of three.

*Hal C. Pitkow,* with him *Lee B. Balefsky,* for petitioner.

*Elsa Newman,* Assistant Attorney General, with her *Richard Wagner,* Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE BLATT, April 24, 1980:

John Steffy (claimant) appeals here from adverse decisions of the Office of Employment Security, a referee and the Unemployment Compensation Board of Review (Board) to his request for unemployment benefits.

The claimant was last employed by the Pennsylvania Department of Transportation (employer) for approximately nine years. In December 1977 he was assigned to a job that required him to work outside and also to drive a truck. He was then 67 years old and he refused the job on his doctor's advice, taking sick leave until April of 1978 when he resigned. Prior to his resignation, he had been assigned to a job approximately 39 miles from his home, and he testified that he could not take the job because his medical problems prevented his driving long distances. He did not, however, present any medical verification of this condition to his employer. He simply voluntarily resigned rather than attempt to take the assignment. All of the compensation authorities determined that he was ineligible for benefits because he had voluntarily left his work without cause of a necessitous and compelling nature.[1]

The claimant argues here that health reasons justified his resignation and that the Board and referee

---

[1] Pursuant to Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1).

erred by failing to make findings on that issue. In *Deiss v. Unemployment Compensation Board of Review*, 475 Pa. 547, 381 A.2d 132 (1977), the Supreme Court set forth the criteria for establishing that the termination was justified for health reasons: the claimant must (1) offer competent testimony that at the time of the termination adequate health reasons existed to justify termination, (2) inform the employer of his health problems, and (3) specifically request the employer to transfer him to a more suitable position.

There is some evidence in the record that the claimant here may have satisfied the last two requirements. With respect to the first requirement, however, he failed to offer any competent medical evidence to prove that he was physically unable to perform the assigned job. The only evidence to this effect was his own and we have previously held that such evidence is insufficient to establish the existence of adequate health reasons for termination. *McQuiston v. Unemployment Compensation Board of Review*, 37 Pa. Commonwealth Ct. 250, 390 A.2d 317 (1978). Furthermore, even his own evidence was contradictory. On his resignation form he indicated that the reason for his resignation was voluntary retirement for personal preferences, and he indicated this in spite of the fact that the form also contained a place where he might have indicated that health problems were the reason. Yet he now argues that health problems *were* controlling.

There being substantial evidence in the record to support the Board's findings, we cannot say that the Board erred in concluding that the claimant's resignation was not justified by reasons of a necessitous and compelling nature.

We will therefore affirm the Board's decision.

### ORDER

AND Now, this 24th day of April, 1980, the order of the Unemployment Compensation Board of Review denying benefits to John H. Steffy is hereby affirmed.

President Judge BOWMAN did not participate in the decision in this case.