Raymond L. Gaiser, Jr., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued October 9, 1980, before Judges MENCER, BLATT and CRAIG, sitting as a panel of three.

*Vincent W. Mirigliani,* for petitioner.

*Steven R. Marcuse,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Acting Attorney General, for respondent.

OPINION BY JUDGE BLATT, December 11, 1980:

Raymond L. Gaiser, Jr. (claimant), appeals here from a decision of the Unemployment Compensation Board of Review (Board) which affirmed the referee's determination that the claimant voluntarily terminated his employment and was consequently ineligible for unemployment compensation benefits under Section 402(b)(1) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802 (b)(1).

The claimant had been employed for eight months by Monumental Life Insurance Company (employer) as an insurance agent when, on August 4, 1979, he indicated to the employer's representative that he could not adjust to the work and submitted his resignation. The claimant contended before the referee that he was eligible for unemployment benefits because his sales position was adversely affecting his mental health and that his resignation, therefore, was

for a necessitous and compelling cause under Section 402(b)(1) of the Law, 43 P.S. §802(b)(1).

It is well settled that a claimant who voluntarily terminates his employment for health reasons must, in order to be eligible for unemployment compensation, (1) offer competent testimony that at the time of termination adequate health reasons existed to justify termination, (2) inform the employer of the health problems, and (3) specifically request the employer to transfer him to more suitable work. *Deiss v. Unemployment Compensation Board of Review,* 475 Pa. 547, 381 A.2d 132 (1977); *McQuiston v. Unemployment Compensation Board of Review,* 37 Pa. Commonwealth Ct. 250, 390 A.2d 317 (1978). The referee and the Board rejected the claimant's contention here on the basis that he failed to inform the employer of his health problems and that he failed to request lighter work.

Because the claimant had the burden of proving that his termination was for a necessitous and compelling cause, *Sabella v. Unemployment Compensation Board of Review,* 52 Pa. Commonwealth Ct. 258, 415 A.2d 722 (1980), and because the fact finder below determined that the claimant had failed to meet this burden, our scope of review over the findings of fact is to determine whether or not the Board capriciously disregarded competent evidence. *Hughes v. Unemployment Compensation Board of Review,* 51 Pa. Commonwealth Ct. 448, 414 A.2d 757 (1980).

The record shows that the claimant testified at the referee's hearing that, although his doctor had advised him to quit his job if his anxiety and headaches persisted, he did not relay this information to the employer at any time. He also testified that he did not request to be placed in a position less demanding than his sales position. This evidence was corroborated in

its entirety by the testimony of the employer's sales manager. We must conclude, therefore, that the findings were not made in capricious disregard of the evidence.

The claimant also contends that the Board committed an error of law in basing its determination of ineligibility upon the finding that "[p]rior to the claimant's separation, he at no time produced medical evidence to his superior that the work was affecting his health." We agree with the claimant that this finding cannot support a conclusion of law that the claimant's medical evidence was inadequate to show that he had compelling health reasons for his resignation. In *Deiss, supra,* our Supreme Court held that a claimant's medical evidence concerning his reasons for resignation *need not be obtained prior to resignation* and that the evidence need only explain and support the health reasons as they existed *as of the date of the termination. See Deiss, supra; McQuiston, supra.* A fair reading of the Board's finding, however, leads us to conclude that the Board did not find that the claimant's medical evidence was insufficient under the *first* requirement of *Deiss, supra,* but only that the claimant failed to fulfill the *second* requirement of *Deiss, supra, i.e.,* that the claimant must inform the employer of his health problems. Moreover, even if we were to assume the validity of the claimant's argument, the Board's error would be a harmless one, for, in any event, the claimant failed to request more suitable work, another requirement of *Deiss, supra.*

ORDER

AND Now, this 11th day of December, 1980, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.