Anne M. Iehle, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 8, 1980, before Judges MENCER, BLATT and MACPHAIL, sitting as a panel of three.

*Stephen G. Brown,* with him *Michael H. Egnal, Egnal and Egnal,* P.A., for petitioner.

*Steven R. Marcuse,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel and *Harvey Bartle, III,* Acting Attorney General, for respondent.

132

OPINION BY JUDGE MACPHAIL, January 16, 1981:

Anne M. Iehle (Claimant) has filed this appeal from a decision of the Unemployment Compensation Board of Review (Board) denying benefits based on the finding that Claimant voluntarily terminated her employment without cause of a necessitous and compelling nature. Section 402(b)(1) of the Unemployment Compensation Law (Act), Act of December 5, 1936, P.L. (1937) 2897, *as amended,* 43 P.S. §802(b) (1). We affirm.

The Office of Employment Security denied Claimant's application for benefits on June 13, 1979. Claimant filed an appeal from this determination and the referee modified the decision so as to allow benefits for a period of two weeks, but affirmed the denial of benefits thereafter.[1] The Board affirmed the referee's decision and Claimant appeals to this Court.

The referee found that Claimant was employed by Stanford Shmuckler, Esquire (Employer) as a legal secretary from February 6, 1979 to May 18, 1979. At the time she was hired, Claimant was informed that her duties would include light bookkeeping. Claimant undertook the bookkeeping tasks, but felt incapable of performing them in a satisfactory manner. She developed acute anxiety allegedly as a result of the bookkeeping and sought medical advice. Her physician prescribed valium and told Claimant she should resign from her employment. Claimant never informed her Employer that the bookkeeping was adversely affecting her health, nor did she inform him that she had consulted a physician about her work related health problems. On May 18, 1979,

---

[1] The referee reasoned that Claimant gave two weeks notice and was willing to work during that time, but was prevented by the Employer. The date of Claimant's voluntary termination, therefore, was June 1, 1979.

Claimant told her Employer that she was "very upset" and gave him two weeks notice of her intention to quit. Following a discussion, the Employer advised Claimant that notice was not necessary and she could leave that day. From these findings the referee concluded that Claimant voluntarily left her employment without good cause.

Claimant argues that she did not quit, but was, in fact, fired. She asserts, therefore, that the Employer had the burden to show willful misconduct in order for benefits to be denied.

The record shows that, while Claimant's Employer was becoming dissatisfied with her work, she could have continued working had she not quit. The Employer stated that he intended to speak to Claimant about her deteriorating job performance, and "if she had not changed I might have fired her but at that point I hadn't decided to do so." Clearly, the Employer was not ready to fire Claimant, but contemplated taking steps to preserve the employment relationship. Claimant's own testimony establishes that on her last day of employment it was she who initiated the discussion about the termination of her employment by giving her Employer two weeks notice of her intention to quit. There is no testimony in the record to establish any statements by the Employer or any actions on his part that would have led Claimant to believe her Employer intended to fire her. In fact, the whole conversation took place when the Employer asked Claimant to take some dictation.

While the referee's finding that the Employer was not dissatisfied with Claimant's work may be questionable, it is beyond cavil that the Employer was not so dissatisfied as to consider firing Claimant on May 18, 1979. The finding that Claimant was not laid off nor discharged and that continuing work was avail-

able for her had she wanted to remain employed is supported by substantial evidence in the record and will be affirmed. *Stalc v. Unemployment Compensation Board of Review*, 13 Pa. Commonwealth Ct. 131, 318 A.2d 398 (1974). We conclude that the referee properly analyzed this case as involving a voluntary termination.

Claimant argues that, if we find that she voluntarily left her employment, we must find that she did so for good cause.

The burden of proving good cause is on the Claimant. Where the party having the burden of proof does not succeed below we will review the record to determine if the findings of fact can be sustained without a capricious disregard of competent evidence. *Houff Transfer, Inc. v. Unemployment Compensation Board of Review*, 40 Pa. Commonwealth Ct. 238, 397 A.2d 42 (1979).

Claimant bases her claim of good cause on the adverse affect the bookkeeping tasks were having on her health. Where a claimant asserts a medical condition as good cause to leave employment, testimony must be offered to show that (1) at the time of termination, adequate health reasons justified termination; (2) *the Employer has been informed of the health problems;* and (3) a specific request for transfer to more suitable employment was made. *McQuiston v. Unemployment Compensation Board of Review*, 37 Pa. Commonwealth Ct. 250, 390 A.2d 317 (1978).

While Claimant produced a physician's certification at the referee's hearing to show that she suffered from anxiety and acute distress, she admitted that she had not exhibited the certificate to her Employer nor had she told him at any time that she was being treated by a physician even though she knew

that the Employer and her physician were acquainted with one another. Moreover, she did not request a leave of absence and, while the record shows that Claimant complained about the bookkeeping, there is no evidence that she specifically requested to be relieved of these duties because they adversely affected her health. An employer cannot be expected to change an employee's duties simply because he or she expresses a dislike for them.

In summary, we are unable to conclude on this record that the referee capriciously disregarded competent evidence in reaching his conclusion that Claimant did not meet her burden to prove good cause for her voluntary termination of employment.

Order affirmed.

ORDER

AND Now, this 16th day of January, 1981, the order of the Unemployment Compensation Board of Review, dated October 10, 1979, is hereby affirmed.