Phyllis K. Porter, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

506

Argued April 9, 1981, before Judges MENCER, CRAIG and PALLADINO, sitting as a panel of three.

*Marian E. Frankston*, with her, *David Pauline*, for petitioner.

*Karen Durkin*, Assistant Attorney General, with her, *James K. Bradley*, Associate Counsel, *Richard Wagner*, Counsel, and *Richard L. Cole, Jr.*, Chief Counsel, for respondent.

OPINION BY JUDGE PALLADINO, September 2, 1981:

Claimant appeals an order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's denial of benefits pursuant to Section 402(b)(1) of the Unemployment Compensation Law (Law).[1] We affirm.

On July 12, 1979, after being admonished for poor work performance, Claimant left her badge with the company personnel director, announced her resignation, and departed. On July 13, 1979, Claimant attempted to return to work but was informed that the company considered Claimant's resignation to be final.

"In unemployment compensation cases, the claimant has the burden of proving eligibility for benefits." *Hughes v. Unemployment Compensation Board of Review*, 51 Pa. Commonwealth Ct. 448, 450, 414 A.2d 757, 758 (1980). Because the party with the burden of proof (Claimant) did not prevail before the Board, this Court's scope of review consists

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b)(1), which states in pertinent part:

An employe shall be ineligible for compensation for any week—

. . . .

(b)(1)   In which his unemployment is due to voluntarily leaving without cause of a necessitous and compelling nature. . . .

Pursuant to the Act of July 10, 1980, P.L. 521, Section "402 (b)(1)" is now Section "402(b)" of the Law, 43 P.S. §802(b).

of determining whether the findings of fact can be sustained without a capricious disregard of competent evidence and are consistent with each other and with the conclusions of law. *Helsel v. Unemployment Compensation Board of Review,* 54 Pa. Commonwealth Ct. 320, 421 A.2d 496 (1980).

Initially, Claimant asserts that she is eligibile for benefits because she did not willingly relinquish her job. Whether an employee has voluntarily terminated employment depends upon whether the termination was self-initiated or was initated by action of the employer. *Helsel.* Despite the Board's finding, here, that "claimant over-reacted to . . . admonitions . . . from her immediate supervisor," Claimant does not allege that her supervisor's reproof constituted a dismissal or justification for quitting. Rather, Claimant maintains that her refusal to sign a resignation form precludes the Board's determination that Claimant voluntarily left employment. However, "[a]n express resignation is not necessary to constitute a voluntary termination; conduct which is tantamount to a voluntary termination of employment is sufficient." *Sears, Roebuck & Co. v. Unemployment Compensation Board of Review,* 39 Pa. Commonwealth Ct. 170, 174, 394 A.2d 1329, 1332 (1978). Claimant's departure from the company premises, without reclaiming her badge, evidences Claimant's immediate resignation. Moreover, the company personnel director testified that when Claimant left her badge, she orally proclaimed her resignation.

Claimant next contends that even if she voluntarily left her job, she is eligible for compensation because she quit for "cause of a necessitous and compelling nature." Section 402(b)(1) of the Law. "In voluntary termination cases, the burden is upon the employee to prove [a] necessitous and compelling

reason for leaving . . . ." *Ruckstuhl v. Unemployment Compensation Board of Review,* 57 Pa. Commonwealth Ct. 302, 305, 426 A.2d 719, 721 (1981).

Claimant avers that she was forced to abandon her employment because her eyesight prevented the proper execution of her duties. To establish compelling health reasons,

> a claimant must: '(1) offer competent testimony that *at the time of her termination* adequate health reasons existed to justify termination; (2) inform the employer of the health problem; and (3) specifically request the employer to transfer her to a more suitable position.' (Emphasis added.) McQuiston v. Unemployment Compensation Board of Review, 37 Pa. Commonwealth Ct. 250, 253, 390 A.2d 317, 318 (1978). The Claimant's failure to meet any one of those three conditions will bar her claim for unemployment compensation benefits.

*Ruckstuhl* at 305, 426 A.2d at 721.

Claimant did not present any competent medical evidence to prove that her vision rendered her physically incapable of performing her work. *Id.; Steffy v. Unemployment Compensation Board of Review,* 51 Pa. Commonwealth Ct. 16, 413 A.2d 483 (1980). "The only evidence to this effect was [Claimant's] own and we have previously held that such evidence is insufficient to establish the existence of adequate health reasons for termination." *Id.* at 18, 413 A.2d at 484. The personnel director's statement that Claimant's supervisor knew of Claimant's alleged eyesight problem, though competent to establish the employer's awareness of Claimant's averred difficulty, "could not support the crucial determination of whether [C]laimant's health justified [her] termination." *Pastorius v. Unemployment Compensation*

*Board of Review,* 50 Pa. Commonwealth Ct. 50, 53-54, 411 A.2d 1301, 1304 (1980).[2] In addition, Claimant did not demonstrate any reasonable effort to continue employment by seeking a transfer to a position more suited to her asserted visual limitations. Section 402(b)(1) of the Law; *McDonald v. Unemployment Compensation Board of Review,* 48 Pa. Commonwealth Ct. 16, 408 A.2d 1181 (1979).

Alleging that the referee did not accord her a "due process" hearing, Claimant asserts her entitlement to a remand hearing for the purpose of adducing evidence to justify her resignation. "A fair hearing requires . . . that the parties be permitted to testify freely . . . ." *Shultz v. Unemployment Compensation Board of Review,* 48 Pa. Commonwealth Ct. 36, 38, 408 A.2d 1177, 1178 (1979). Claimant avers that the referee either failed to elicit crucial testimony from her or obstructed the presentation of her testimony. This Court's review of the record establishes that because Claimant appeared pro se, the referee questioned Claimant at length to help elicit her testimony and clarify the presentation of her case. Furthermore, when the parties had apparently concluded their arguments, the referee queried whether either party had additional evidence and subsequently permitted both parties to proffer testimony. Then the referee again asked whether the parties had concluded, and not being requested to accept more evidence, the referee closed the record. Because Claimant had several opportunities to produce evidence, and thus was not denied a fair hearing, a remand is not required in this instance. *Gallagher v. Unemployment Compensation Board of Re-*

---

[2] The possible acquisition of the necessary evidence was, in part, thwarted by Claimant's own refusal to comply with the company's request that she report to the company nurse.

*view,* 32 Pa. Commonwealth Ct. 160, 378 A.2d 502 (1977).

Finally, Claimant argues her eligibility for benefits on the ground that she successfully revoked her resignation of July 12, 1979, by her attempted return to work on July 13, 1979. However, a claimant cannot revoke a resignation where, as here, the claimant's voluntary termination became effective prior to the alleged act of revocation. *Funkhouser v. Unemployment Compensation Board of Review,* 53 Pa. Commonwealth Ct. 33, 416 A.2d 646 (1980).

Accordingly, we enter the following:

ORDER

AND Now, September 2, 1981, the order of the Unemployment Compensation Board of Review, Appeal No. B-79-5-E-695, Decision No. B-177968, dated November 20, 1979, is hereby affirmed.