Virginia M. Ontko, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued May 2, 1984, before Judges ROGERS, CRAIG and COLINS, sitting as a panel of three.

*Thomas P. Cole, II,* for petitioner.

*Michael D. Alsher,* Associate Counsel, with him, *Richard F. Faux,* Associate Counsel, and *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE COLINS, November 2, 1984:

Virginia M. Ontko (claimant) appeals an order of the Pennsylvania Unemployment Compensation Board of Review (Board), affirming a referee's decision to deny benefits to claimant because she failed to prove that her leaving work was of a necessitous and compelling nature.[1]

Claimant was employed as an assistant "market merchandiser" by J. C. Penney Company (employer)

---

[1] Section 402(b) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b) provides, in relevant part:

for eight years. She submitted a written resignation on July 1, 1982 to become effective July 9, 1982.

Prior to her resignation, employer directed the claimant to contact the Special Services Department for medical and psychological services. Her job performance and actions indicated to employer that these services would be beneficial to claimant's well being. Claimant also visited her physician on May 26, 1982 because she was experiencing health problems which she attributed to her employment. Prior to her resignation claimant requested a transfer to another position. However, employer was unable to comply.

The Office of Employment Security determined that the claimant was ineligible for benefits. Claimant appealed and the referee affirmed. On further appeal to the Board, the decision of the referee was affirmed and his findings of fact adopted. This appeal followed.

An employee must initially meet two requirements in order to remain eligible for benefits when terminating his employment for health reasons: (1) he must be available for suitable work, consistent with his medical condition; and (2) he must have communicated his medical problem to his employer and explained his inability to perform the regularly-assigned duties. *Genetin v. Unemployment Compensation Board of Review,* 499 Pa. 125, 451 A.2d 1353 (1982). A close examination of the record indicates that claimant has met these two requirements.[2]

---

An employee shall be ineligible for compensation for any week in which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. . . .

[2] Claimant made herself available for suitable work by requesting a transfer. However, employer did not comply. It is also apparent that claimant's medical problem was communicated to employer, since it was the employer who first requested that claimant seek medical and psychological help.

Once these *Genetin* requirements have been met, an employee must also present competent evidence that health reasons exist to justify terminating employment.

In *Steffy v. Unemployment Compensation Board of Review*, 499 Pa. 367, 453 A.2d 591 (1982), the Supreme Court held that competent evidence will suffice and that medical evidence is not required of a claimant who terminates his employment for reasons of health, writing:

> The court below has misconstrued the requirement of competent evidence and has established what appears to be a *per se* rule that all applicants who seek to justify their termination on the basis of health problems must provide the expert testimony of a physician in support of their claim. Because only "competent evidence" is required, the Court below misapplied Deiss.[3]

*Id.* at 371, 453 A.2d at 593. In the same case, the Supreme Court concluded that "[n]ot only, as we have already observed, is there no absolute requirement of competent *medical* evidence under *Deiss*, but it is likewise unnecessary that every applicant present a physician's testimony to support his claim for health-related unemployment benefits." *Id.* at 371-72, 453 A.2d at 593-94.

In the matter *sub judice*, claimant appeared at the hearing and testified on her own behalf. The referee, and the Board, decided that this testimony, as a matter of law, was not sufficient to meet her burden of proof. No specific findings as to credibility were made. It is possible that claimant's testimony, taken with other evidence of record, could constitute suffi-

---

[3] *Deiss v. Unemployment Compensation Board of Review*, 475 Pa. 547, 381 A.2d 137 (1977).

cient "competent evidence" to show that adequate health reasons existed to justify her termination. However, this was never specifically addressed by the referee or the Board.

Accordingly, we must remand for additional proceedings consistent with this opinion.

ORDER

AND Now, November 2, 1984, Decision No. B-212134 of the Unemployment Compensation Board of Review, dated November 24, 1982, is vacated and the matter is remanded to the Board for further proceedings consistent with this opinion. Jurisdiction relinquished.