American Water Works Service Company, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs January 28, 1985, to Judge COLINS and Senior Judges BARBIERI and KALISH, sitting as a panel of three.

*Michael D. Klein,* for petitioner.

*James K. Bradley,* Associate Counsel, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE COLINS, March 6, 1985:

Petitioner, the American Water Works Service Company, Inc., appeals the reinstatement by the Pennsylvania Unemployment Compensation Board of Review (Board), of its decision to award benefits to claimant, Cindy Ritchie.

Claimant was employed by petitioner for eleven months when she voluntarily quit because she alleged that an odor emanating from the air conditioning unit made her so nauseous that she could not eat. Because she was pregnant, she felt that she must leave for "health reasons" and she claimed that her physician had advised her to quit. Claimant, representing herself, did not present any witnesses.

Claimant was ruled eligible to receive unemployment compensation benefits by the Office of Unemployment Security. The petitioner appealed and the referee reversed. Claimant appealed to the Unemployment Compensation Board of Review, which reversed the referee and granted benefits. Petitioner then requested that the Board reconsider. The Board vacated its decision, granted oral argument and then reinstated its decision to grant benefits. Hence, this appeal.

Petitioner alleges that the Board erred by disregarding findings by the referee without stating the reasons for doing so; that finding of fact No. 8 is unsupported by substantial evidence; and that claimant failed to have adequate health reasons to justify her voluntary quit.

The Board claims that there is substantial evidence in the record to support all the "necessary and needed" findings of fact made by the Board and that claimant has shown reasons of a necessitous and compelling nature for her voluntary quit.

Claimant must show, in order to be found eligible for benefits when terminating her employment for health reasons, that she is available for suitable work, consistent with her medical condition, and that she has explained her medical problem to her employer and explained her inability to perform the regularly assigned duties. *Genetin v. Unemployment Compensation Board of Review*, 499 Pa. 125, 451 A.2d 1353 (1982). A reading of the record indicates that claimant has done this.

The claimant need not prove that she was previously advised by her physician to quit if she realized that she is either physically or emotionally unable to continue working and she has offered competent testimony that at the time of termination adequate health

reasons existed to justify the termination. *Deiss v. Unemployment Compensation Board of Review*, 475 Pa. 547, 381 A.2d 132 (1977). Claimant need not present a physician's testimony to support her claim for health-related unemployment benefits, when other competent testimony suffices. *Steffy v. Unemployment Compensation Board of Review*, 499 Pa. 367, 453 A.2d 591 (1982).

Petitioner, however, argues that even if *Genetin* and *Steffy* are applicable here, the Board's decision should be reversed on other grounds.

Petitioner cites *Treon v. Unemployment Compensation Board of Review*, 499 Pa. 455, 461, 453 A.2d 960, 962 (1982), as requiring that the Board may not "simply disregard findings made by a referee which are based upon consistent uncontradicted testimony without stating the reasons for doing so." The Board did not refer to all of the referee's findings in its decision, particularly Findings 8, 9 and 12, which stated:

8. As a result of the claimant's complaint, the employer secured an independent agent to check the alleged odor emitting from the air conditioning.

9. The independent contractor could not find anything emitting from the air conditioning that would be harmful to the employees and the company was well within the OSHA standards.

12. The claimant, during this period of time, was taking medication for morning sickness.

The Board, without taking additional evidence, made the following findings:

1. Claimant was last employed for American Water Works Service, Hershey, Pa. for ten

months as a key punch operator at $14,300 per year and her last day of work was July 7, 1983.

2. In November, 1982 an odor coming from the air conditioner was detected in a section of the employer's premises in which claimant worked.

3. Claimant and other employees complained to their supervisor about the odor.

4. In April, 1983 claimant became aware she was pregnant.

5. Claimant, due to the odor emitting from the air conditioner, became ill to the point where she could not eat.

6. On May 5, 1983 claimant requested a leave of absence to begin May 27, 1983, through June 29, 1983 because of the effect the odor could have had on her health and the health of her unborn child.

7. The employer denied claimant's request for a leave of absence.

8. Claimant was advised by her physician to terminate her employment because of the affect [sic] the odor had upon her health.

9. On July 8, 1983 claimant terminated her employment.

10. Claimant is able and available for work.

The matters of an independent contractor inspecting their vents and the finding that claimant was taking morning sickness medication were not mentioned by the Board. In *Treon* the Supreme Court stated that "[i]f particular findings are inconsistent, incredible or unsupported by the evidence, then the Board must so indicate". *Id.* at 461, 453 A.2d at 962. The Board cannot ignore the referee's findings if they are supported by overwhelming evidence. The Board is not compelled to accept the referee's findings but must

state why it has chosen to disregard those which it does not adopt or include, particularly such significant ones as those deleted here.

Therefore, we must remand this matter to the Board for findings consistent with this opinion.

ORDER

AND Now, March 6, 1985, the decision of the Unemployment Compensation Board of Review, No. B-225803-B, dated March 9, 1984, is vacated and the matter is remanded for proceedings consistent with this opinion.

Jurisdiction relinquished.

Judge WILLIAMS, JR. did not participate in the decision in this case.