Frederick Emmitt, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs July 8, 1985, to President Judge CRUMLISH, JR., Judge ROGERS, and Senior Judge KALISH, sitting as a panel of three.

*Loralyn McKinley,* with her, *Harold I. Goodman,* for petitioner.

*John W. English,* Associate Counsel, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE KALISH, November 18, 1985:

We affirm the order of the Unemployment Compensation Board of Review (Board) affirming a referee's decision which denied benefits to Frederick Emmitt on the ground that he had voluntarily terminated his employment without cause of a necessitous and compelling nature.

Emmitt worked for the Hatfield Packing Company for three days as a casing puller on the kill floor where the butchered pigs were cut up for processing. The Board found that Emmitt voluntarily terminated his employment because he believed that the work was making him nauseous and unable to consume food. However, the Board went on to decide that Emmitt had not presented "adequate competent evidence from which it could be determined that he had a necessitous and compelling reason for voluntarily quitting his employment." Emmitt contends that the Board erred in finding his testimony inadequate to meet his burden of proof.

Where a claimant alleges that health problems justified his voluntary termination, he must offer competent evidence to meet his burden of proof. *Deiss v. Unemployment Compensation Board of Review,* 475 Pa. 547, 381 A.2d 132 (1977). While this standard does not require a claimant to provide medical testimony to meet his burden of proof, "there may appear before the Court cases where the applicant's

testimony and supporting documents are inadequate." *Steffy v. Unemployment Compensation Board of Review,* 499 Pa. 367, 372, 453 A.2d 591, 594 (1982).

Here the Board's findings of fact and discussion show that the Board considered Emmitt's testimony, but found it inadequate to meet his burden of proof. The Board is the ultimate fact finder and the sole arbiter on the issue of credibility and evidentiary weight, so that even uncontradicted testimony may be disregarded. *Carriers Terminal Co. v. Unemployment Compensation Board of Review,* 68 Pa. Commonwealth Ct. 586, 449 A.2d 873 (1982).

The Board did not arbitrarily or capriciously disregard the evidence, therefore we affirm the denial of benefits.

### ORDER

The order of the Unemployment Compensation Board of Review, in Decision No. B-233492, dated August 14, 1984, is affirmed.

---

DISSENTING OPINION BY JUDGE ROGERS:

I respectfully dissent. On May 14, 1984, the claimant, Frederick Emmitt, began working ten hours a day for the Hatfield Packing Company (employer) as a casing puller on the kill floor where the butchered pigs are cut up for processing. The claimant's last day of work was May 16, 1984.

On his application for unemployment compensation benefits, the claimant reported to the Office of Employment Security (OES) that he quit his position because he got "sick on the kill floor." In his summary of interview, the claimant wrote that on the kill floor they cut up the pigs and that the blood and entrails made him very sick.

OES found that the claimant left his employment voluntarily without cause of a necessitous and compelling nature because he felt that he was unable to handle the working conditions and that "continuing work was available." OES denied the claimant benefits as a voluntary quit under Section 402(b) of the Unemployment Compensation Law, 43 P.S. 802(b).

In his petition for appeal from the determination of OES, the claimant wrote that he was not able to work on the kill floor because he was sick all day and night.

At the referee's hearing of the claimant's appeal, the claimant, who appeared without counsel, testified that he had informed his supervisor in May 16, 1984 that he was going to quit, stating specifically that:

> I told him that the job was making me nauseous and I wasn't eating for two days, three days I didn't eat breakfast. The third day I went in and he told me to let him know as soon as possible whether I could handle the job or not. So I let him know about fifteen minutes later.

The employer's witness did not refute the claimant's testimony. No other employment was offered to the claimant and from the documents in the record it appears that other work was not then available.

The referee concluded that the "claimant voluntarily terminated his employment because he felt he could not handle the job duties of his position" and based on that conclusion held that the claimant was ineligible for benefits.

On the claimant's appeal, the board found that the claimant "voluntarily terminated his employment effective May 16, 1984, because he believed that the work was making him nauseous and unable to con-

sume food." In discussion, the board pertinently stated as follows:

> While medical testimony is *not* necessary for claimant to demonstrate that he is unable to continue his present job duties, in the instant case, the claimant did not present adequate competent evidence from which it could be determined that claimant had a necessitous and compelling reason for voluntarily quitting his employment. Accordingly, the claimant is ineligible for claim credit under Section 402(b) of the Law. (Emphasis in original.)

The claimant had the burden of proving compelling and necessitous cause to terminate employment. *Taylor v. Unemployment Compensation Board of Review,* 474 Pa. 351, 378 A.2d 829 (1977). To meet that burden when health reasons are alleged as justification for the termination, the claimant must (1) introduce competent testimony that at the time of termination adequate health reasons existed to justify termination; (2) inform the employer of his health problem; and (3) be available, where a reasonable accommodation is made by the employer, for work that is not inimicable to the claimant's health. *Genetin v. Unemployment Compensation Board of Review,* 499 Pa. 125, 451 A.2d 1353 (1982). There is no dispute that the claimant informed the employer that the duties of his employment caused him to be ill and that he was available for other work.

Clearly, the claimant produced competent testimony that health reasons existed justifying his quitting his job of casing puller. Of course, this evidence consisting of his testimony might have been disbelieved. But neither the referee nor the board rejected this evidence as incredible; they found that the claimant "voluntarily terminated his employment . . . because

he believed that the work was making him nauseous and unable to consume food.'' In discussion, the board declares without elaboration that the claimant did not present ''adequate competent evidence''[1] of a good reason for quitting. As the board correctly observed, the claimant was not required to produce medical testimony;[2] what other evidence the claimant should have produced in addition to his testimony, which the employer's representative at the hearing did not in the least dispute, is not described.

I believe that the board arbitrarily and capriciously disregarded the claimant's evidence and that the claimant should have been awarded compensation.

---

[1] The word "adequate" in this context is the board's. We may wonder if it is meant to import evidence weightier than that which is "substantial." The claimant's evidence is certainly substantial. In any event, "only [substantial] 'competent evidence'" is required. *Steffy v. Unemployment Compensation Board of Review*, 499 Pa. 367, 371, 453 A.2d 591, 593 (1982).

[2] *Steffy v. Unemployment Compensation Board of Review*, 499 Pa. 367, 453 A.2d 591 (1982).