Suzette WATKINS, Petitioner

v.

UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.

Commonwealth Court of Pennsylvania.

Argued Feb. 12, 2013.

Decided March 5, 2013.

---

**5.** Act of 1999, P.L. 106–159, 133 Stat. 1748, 49 U.S.C. §§ 101, *et seq.*

BEFORE: BROBSON, Judge, and McCULLOUGH, Judge, and COVEY, Judge.

OPINION BY Judge BROBSON.

Petitioner Suzette Watkins (Claimant) petitions for review of an order of the Unemployment Compensation Board of Review (Board). The Board affirmed the decision of an Unemployment Compensation Referee (Referee) and denied Claimant unemployment compensation benefits under Section 402(b) of the Unemployment Compensation Law (Law).[1] For the reasons set forth below, we now vacate the Board's order and remand the matter to the Board.[2]

Claimant was employed by Colonial Intermediate Unit 20 (Employer) as a full-time special education teacher, beginning January 2006. (Reproduced Record (R.R.) at 1 a.) Following an unpaid leave from employment, Claimant filed a claim for unemployment compensation benefits. (Certified Record (C.R.), Item No. 2.) On June 3, 2011, the Allentown UC Service Center (Service Center) issued a Notice of Determination and denied Claimant benefits under Section 402(b) of the Law. (C.R., Item No. 8.) Claimant appealed the determination. (C.R., Item No. 9.)

On September 8, 2011, the Referee conducted a hearing. (R.R. at 7a.) The issue before the Referee was whether Claimant had a necessitous and compelling reason to leave her employment. (*Id.* at 2a.) The Referee concluded that Claimant failed to establish a necessitous and compelling reason for voluntarily terminating her em-

Aaron B. Gorodetzer, West Chester, for petitioner.

Janet M. Tarczy, Assistant Counsel, Harrisburg, for respondent.

---

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(b). Under Section 402(b) of the Law, an employee is ineligible for benefits when an employee voluntarily terminates his employment without cause of a necessitous and compelling nature.

2. This case was submitted for argument following the Court's grant of reconsideration of its earlier opinion and order, dated August 17, 2012.

ployment, and, therefore, the Referee affirmed the determination of the Service Center. (*Id.* at 3a.) In so doing, the Referee issued the following findings of fact:

1. The claimant was last employed full-time as a special education teacher at a residual treatment center by Colonial Intermediate Unit 20 from January 2006 at a final rate of pay of $53,000 a year and her last day of work was March 7, 2011.

2. Twelve years ago, the claimant was diagnosed with a brain tumor and underwent surgery in 2005 with no complications.

3. In November 2008, the claimant began experiencing pain on the left side of her face and was diagnosed with Trigeminal Neuralgia caused by nerve deterioration in her face.

4. The Trigeminal Neuralgia (TN) causes the claimant to experience a range of pain from mild twitches to intense pain, lasting a few seconds to longer durations in an unpredictable pattern.

5. In November 2008, the claimant informed her supervisor about the TN diagnosis.

6. In March 2010, the claimant requested an accommodation to receive assistance in completing time sensitive paperwork and in meeting required deadlines.

7. The employer accommodated the claimant's request by allowing the master teacher to assist the claimant when needed.

8. In April 2010, the claimant went out on a medical leave of absence for the remainder of the 2009/2010 school year.

9. In August 2010, the claimant returned for the 2010/2011 school year and continued to work through January 2011 with the same medial accommodation where the master teacher kept the claimant organized, meeting deadlines as needed.

10. In late January 2011,[3] the claimant's medical condition flared up and the claimant requested a second leave of absence under the Family [and] Medical Leave Act [ (FMLA) ].[4] The claimant did not qualify for Family Medical Leave because she did not work the required hours in 2010.

11. The employer arranged a 20–day leave of absence beginning February 7, 2011, expecting the claimant to return on March 7, 2011.

12. The claimant returned to work on March 7, 2011 as scheduled.

13. Prior to her return, on March 4, 2011, the claimant sent an e-mail to the Director of Human Resources indicating, in part, "As a result of this deterioration, I am no longer physically able to conduct the entirety of my administrative responsibilities on a daily basis." ... "I am asking that you provide accommodations under the ADA [5] of 1990, excuse me from full administrative tasks, and replace these duties with an alternative task within my limitations." The claimant asked the employer to provide her with [Employer's] suggested accommodations within two weeks or March 18, 2011.

---

**3.** The Referee's finding of fact number 10 initially referenced "June 2011," but the Board subsequently amended the finding to refer to "January 2011" as the time period during which Claimant's medical condition flared up and she requested a second medical leave.

**4.** 29 U.S.C. §§ 2601–2654.

**5.** Here, ADA refers to the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101–12213.

14. On March 8, 2011, the Director of Human Resources met with the claimant to clarify the claimant's request for accommodations.

15. At the end of the meeting, the employer informed the claimant that she could not return to work until she was cleared by her doctor as able to perform all the essential functions of her job duties including the administrative duties such as creating lesson plans, IA Ps and progress monitoring reports.

16. The claimant provided a second FMLA document completed by her primary care physician on March 7, 2011 which indicated that the claimant was able to perform her job functions but that [she] may need accommodations including assistance from co-workers in complex administrative tasks, reduction in hours or change in assignment.

17. On April 29, 2011, the claimant's doctor e-mailed a letter to the employer indicating that the claimant is capable of performing all duties of her job, however, she may need to be absent from work for treatment or to have assistance with certain tasks that are made more difficult by severe pain.

18. On August 12, 2011, the claimant contacted the employer about returning to work for the 2011–2012 school year and was informed that she needs a doctor release to return to work showing that she can do all essential duties of the job.

19. The claimant has not returned to work and is currently on unpaid leave.

20. Continuing work is available to the claimant with the March 2010 accommodations.

(*Id.* at 1a–2a.)

Claimant appealed to the Board. (C.R., Item No. 22.) The Board adopted the Referee's findings of fact, with the amendment noted above, and affirmed the decision of the Referee. In so doing, the Board determined that Claimant's request that Employer eliminate all of her administrative duties was not indicated as a restriction by her doctor. (C.R., Item No. 27.) Thus, because Claimant did not provide Employer with any medical documentation indicating that she was unable to perform *any* administrative duties, she did not meet her burden. (*Id.*)

Claimant now petitions this Court for review. On appeal,[6] Claimant makes the following arguments: (1) the Board erred in concluding that Claimant voluntarily left her employment, and (2) alternatively, if the Board did not err in determining that her cessation of employment was voluntary, it erred when it concluded that she did not establish a necessitous and compelling reason to quit.[7]

 As for Claimant's argument that the Board erred in concluding that she voluntarily quit her employment, Claimant maintains that the evidence establishes that her separation from employment was not voluntary, and, thus, the Board should have placed the burden on Employer to prove "willful misconduct" instead.[8]

---

6. This Court's standard of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. 2 Pa.C.S. § 704.

7. Initially, we note that Claimant does not challenge the Board's factual findings, and, therefore, they are binding on appeal. *Camp-*

*bell v. Unemployment Comp. Bd. of Review,* 694 A.2d 1167, 1169 (Pa.Cmwlth.1997).

8. Section 402(e) of the Law provides, in part, that an employee shall be ineligible for compensation for any week "[i]n which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work." Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as*

Whether a claimant's separation from employment is the result of a voluntary action or a discharge is a question of law subject to review by this Court and must be determined from a totality of the facts surrounding the cessation of employment. *Key v. Unemployment Comp. Bd. of Review*, 687 A.2d 409, 412 (Pa.Cmwlth.1996). A claimant seeking unemployment compensation benefits bears the burden of establishing either that (1) his separation from employment was involuntary or (2) his separation was voluntary but he had cause of a necessitous or compelling nature that led him to discontinue the relationship. *Spadaro v. Unemployment Comp. Bd. of Review*, 850 A.2d 855, 859–60 (Pa. Cmwlth.2004). In other words, in order to be eligible for unemployment compensation benefits, the claimant bears the burden of proving separation from employment, whether voluntary or involuntary.[9] *See Bowman v. Unemployment Comp. Bd. of Review*, 49 Pa.Cmwlth. 170, 410 A.2d 422, 423 (1980). A finding of voluntary termination is essentially precluded unless the claimant has a conscious intention to leave his employment. *Spadaro*, 850 A.2d at 859. On the other hand, to be interpreted as a discharge, the employer's language must possess the immediacy and finality of a firing. *Charles v. Unemployment Comp. Bd. of Review*, 122 Pa. Cmwlth. 439, 552 A.2d 727, 729 (1989).

 In the case now before the Court, we conclude that the Referee and Board did not err in analyzing this matter as a case of voluntarily leaving work as opposed to a termination. Employer did not take any steps to discipline or discharge Claimant. Rather, Claimant voluntarily left employment for medical reasons and now is unable or unwilling to return to work without additional accommodations. Under these circumstances, although Claimant has not resigned, Claimant's situation is most analogous to cases where a claimant voluntarily resigns from employment for medical reasons. Thus, the Referee and Board properly considered whether Claimant had cause of a necessitous and compelling nature for leaving work.

 Next, we will address Claimant's argument that the Referee and Board erred in concluding that Claimant failed to establish a necessitous and compelling reason for leaving work. Generally, when a claimant voluntarily leaves work, the claimant bears the burden to establish that she left work for cause of a necessitous and compelling nature in order to be entitled to benefits. *Wasko v. Unemployment Comp. Bd. of Review*, 88 Pa. Cmwlth. 16, 488 A.2d 388, 389 (1985). An employee's medical condition or health reason may create cause of a necessitous and compelling nature to terminate (or leave) employment voluntarily. *Deiss v. Unemployment Comp. Bd. of Review*, 475 Pa. 547, 381 A.2d 132 (1977). An employee seeking to obtain benefits on health-related grounds bears the burden to demonstrate through competent and credible evidence the following: (1) health reasons of sufficient dimension compelled the employee to quit; (2) the employee informed the

---

*amended*, 43 P.S. § 802(e). An employer bears the burden of proving that a claimant's unemployment is due to the claimant's willful misconduct. *Walsh v. Unemployment Comp. Bd. of Review*, 943 A.2d 363, 368 (Pa.Cmwlth. 2008).

9. Section 4(u) of the Law provides, in part, that "[a]n individual shall be deemed unem-

ployed (I) with respect to any week (i) during which he performs no services for which remuneration is paid or payable to him and (ii) with respect to which no remuneration is paid or payable to him." Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 753(u).

employer of the health problems; and (3) the employee is able and available for work if her employer can make a reasonable accommodation. *Lee Hosp. v. Unemployment Comp. Bd. of Review,* 161 Pa. Cmwlth. 464, 637 A.2d 695, 698 (1994). While this standard does not require medical testimony, there may be cases where a claimant's testimony and supporting documents are inadequate. *Emmitt v. Unemployment Comp. Bd. of Review,* 93 Pa. Cmwlth. 71, 500 A.2d 510, 511 (1985) (quoting *Steffy v. Unemployment Comp. Bd. of Review,* 499 Pa. 367, 372, 453 A.2d 591, 594 (1982)). Further, in such cases, once an employee makes an employer aware of such health problems, the employer bears the burden to establish that it made a reasonable attempt to identify and propose possible accommodations for the employee's health problems. *Lee Hospital,* 637 A.2d at 699.

 Here, in adopting the Referee's findings, the Board found that following her leave of absence, Claimant resumed work on March 7, 2011, as scheduled. (R.R. at 2a.) The next day, however, Employer told Claimant that she could not return to work until she provided Employer with a doctor's note that indicated that she was capable of performing all essential duties of the job. (*Id.*) Accordingly, Claimant gave Employer a medical document that provided that Claimant was able to perform her job functions, but that she "may need accommodations including assistance from co-workers in complex administrative tasks, reduction in hours or change in assignment." (*Id.*) Claimant's doctor also sent Employer an e-mail that provided that Claimant was capable of performing all duties of her job, but that she "may need to be absent from work for treatment or to have assistance with certain tasks that are made more difficult by severe pain." (*Id.*) On August 12, 2011,

Claimant contacted Employer about returning to work for the 2011–2012 school year, but Employer maintained that Claimant still needed a doctor's release, showing that she can perform all essential duties of the job. (*Id.*) The Referee and Board found that continuing work is available to Claimant with the March 2010 accommodations. (*Id.*)

These findings, however, do not address the factual circumstances that one must analyze with regard to the parties' respective burdens of proof. As to Claimant's burden, the findings do not address: (1) whether Claimant's health reasons were of sufficient dimension to compel her to leave her employment; (2) whether Claimant sufficiently informed Employer of her health problems; and (3) whether Claimant is able and available for work if Employer can make a reasonable accommodation. *See Lee Hosp.,* 637 A.2d at 698. As to Employer's burden (assuming Claimant met her burden), the findings do not address whether Employer made· a reasonable attempt to identify and propose possible accommodations for Claimant's health problems. *Id.* at 699. Without such findings, we are unable to engage in effective appellate review. *See Stankiewicz v. Unemployment Comp. Bd. of Review,* 108 Pa. Cmwlth. 340, 529 A.2d 614, 616 (1987) (holding where Board's findings are inadequate, this Court cannot perform appellate review and must remand for additional findings).

Accordingly, we must vacate the Board's order and remand the matter to the Board for the issuance of a new decision, including new findings of fact and conclusions of law. The Board, on its own or on further remand to a Referee, may take additional evidence or issue a new decision based upon the record before it if the Board determines that the record is sufficient for such purposes.

### ORDER

AND NOW, this 5th day of March, 2013, the order of the Unemployment Compensation Board of Review is hereby VACATED and the matter is REMANDED to the Unemployment Compensation Board of Review for the issuance of a new decision in accordance with the attached Opinion.

Jurisdiction is relinquished.