# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert A. Goldman,              :
                 Petitioner      :
                                :
             v.               :
                                :
Unemployment Compensation    :
Board of Review,               :    No. 2392 C.D. 2014
                 Respondent   :    Submitted: June 26, 2015

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
               HONORABLE ROBERT SIMPSON, Judge
               HONORABLE ANNE E. COVEY, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                        FILED: September 25, 2015

Robert A. Goldman, Esquire (Employer) petitions this Court, pro se, for review of the Unemployment Compensation (UC) Board of Review's (UCBR) December 11, 2014 order affirming the Referee's decision granting Jennifer Stanley (Claimant) UC benefits under Section 402(b) of the UC Law (Law).[1]  Essentially, Employer presents one issue for this Court's review: whether the UCBR erred in concluding that Claimant did not voluntarily quit her employment.  After review, we reverse.

The UCBR made the following findings of fact:

1. [C]laimant performed research and assistance/legal services for [E]mployer.  Her last day of work was June 9, 2014.

---

[1] Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b) (referring to voluntarily leaving work without cause of a necessitous and compelling nature).

2. [C]laimant worked for [E]mployer on an as needed basis for a period of approximately three weeks for about 20 hours per week at a rate of $20 per hour.

3. [E]mployer was aware that [C]laimant was searching for full-time work.

4. [C]laimant informed [E]mployer that she had an opportunity to start a temporary job for 40 hours per week.

5. [C]laimant did not give [E]mployer a definite date of resignation, as she did not know when the temporary job would begin.

6. [C]laimant indicated to [E]mployer that she would assist him with work to the extent that she was able in the future.

7. [E]mployer was going to be out of town for about two weeks. He did not contact [C]laimant for work upon his return and the work relationship ended.

8. The temporary job that the [C]laimant had anticipated did not come to fruition.

UCBR Dec. at 1.

Claimant performed legal research and assistance for Employer on an as-needed basis from May 15, 2014 through June 9, 2014. Thereafter, Claimant applied for UC benefits. On September 25, 2014, the Harrisburg Overflow Center issued a determination finding Claimant eligible for UC benefits under Section 402(e) of the Law.[2] Employer appealed and a Referee hearing was held. On October 24, 2014, the Referee affirmed the Overflow Center's determination. Employer appealed to the UCBR. On December 11, 2014, the UCBR affirmed the Referee's decision, but found Claimant eligible for UC benefits under Section 402(b) of the Law. Employer appealed to this Court.[3]

---

[2] 43 P.S. § 802(e) (referring to willful misconduct).

[3] "Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact were unsupported by

2

Employer argues that the UCBR erred in concluding that Claimant did not voluntarily quit her employment. Initially,

> [w]hether a claimant's separation from employment is the result of a voluntary action or a discharge is a question of law subject to review by this Court and must be determined from a totality of the facts surrounding the cessation of employment. A claimant seeking unemployment compensation benefits bears the burden of establishing either that (1) [her] separation from employment was involuntary or (2) [her] separation was voluntary but [she] had cause of a necessitous or compelling nature that led [her] to discontinue the relationship. In other words, in order to be eligible for [UC], the claimant bears the burden of proving separation from employment, whether voluntary or involuntary. A finding of voluntary termination is essentially precluded unless the claimant has a conscious intention to leave [her] employment. On the other hand, to be interpreted as a discharge, the employer's language must possess the immediacy and finality of a firing.

*Watkins v. Unemployment Comp. Bd. of Review*, 65 A.3d 999, 1004 (Pa. Cmwlth. 2013) (citations and footnote omitted).

Employer contends that the UCBR's conclusion that Claimant did not voluntarily quit her employment is not supported by substantial evidence. We agree. This Court has consistently held:

> Substantial evidence is relevant evidence upon which a reasonable mind could base a conclusion. In deciding whether there is substantial evidence to support the [UCBR's] findings, this Court must examine the testimony in the light most favorable to the prevailing party, . . . giving that party the benefit of any inferences which can logically and reasonably be drawn from the evidence.

---

substantial evidence." *Miller v. Unemployment Comp. Bd. of Review*, 83 A.3d 484, 486 n.2 (Pa. Cmwlth. 2014).

*Sanders v. Unemployment Comp. Bd. of Review*, 739 A.2d 616, 618 (Pa. Cmwlth. 1999).

At the Referee hearing, Claimant testified:

C[laimant's] L[awyer]  Okay. . . .Why don't you tell us in your own words how your employment came to an end?

C[laimant]  So I had signed up for Special Counseling, which is . . . an employment staffing agency and they provide document review services to legal [e]mployers.  So they had told me that they were anticipating a document review job that could last up to a year, it would be 40 hours a week with a potential for overtime.  And at the time [Employer] was leaving town.  I had completed all my current assignments for him.  The email exchange . . . happened when **I said I may be working a temporary project and I also have another interview with a potential full-time [e]mployer.**  So he called me a few days after that . . . and said I have this assignment, I'm out of town.  It's a federal case.  I don't remember the nature of the case.  I recall not feeling comfortable with working on that case especially when I didn't have access to his files, so I would've had to really just work on my own with no guidance with someone who was out of town and may not even be accessible.  **So I informed him that I was planning to start a full-time but temporary job with Special Counsel**.  I didn't know who the law firm or anything was, which I recall him asking for some reason.  So I said, if you can't get another person – that I understood to be working for him in the same capacity to do it for you, please call me back and we will try to work something out, depending on what my schedule is.  I don't know what it is at the moment because the document review kept getting pushed back . . . and it just wasn't clear what my availability would be at that time.

. . . .

CL  Right.  And had you let [Employer] know at any time either that you were not available to do anymore assignments for him or that you would be certainly willing to continue to consider assignments from him?

4

C Well in the two-week period that he was gone I did not hear from him and **I actually started working for a shorter document review with Special Counsel**.

CL Okay.

C So **I did not contact him**.

Reproduced Record (R.R.) at 15a-16a (emphasis added). In addition, on her Claimant Questionnaire (Questionnaire) when asked "[d]id you quit your job or take a leave of absence[,]" **Claimant checked off** "**Quit**." R.R. at 42a (emphasis added). **As her reason for quitting**, Claimant explained: "**I was supposed to begin working** on a long-term, full-time project **for another employer**, while [Employer] was out of town and **I was not expected to work for [Employer]**." *Id.* (emphasis added). Claimant signed the Questionnaire underneath the following statement: "I certify that the information I have provided is true to the best of my knowledge. I am aware that there are penalties provided for making false statements." R.R. at 43a.

Viewing the "totality of the facts surrounding the cessation of employment[,]" this Court holds that Claimant has not met her burden of proving that her job termination was involuntary. *Watkins*, 65 A.3d at 1004. First, Claimant notified Employer in an email that she "may be working a temporary project and [she] also ha[s] another interview with a potential full-time [e]mployer." R.R. at 15a; *see also* Claimant Ex. C-2, R.R. at 24a. Further, shortly thereafter Employer contacted Claimant about an assignment which she refused, stating: "[She] was planning to start a full-time but temporary job with Special Counsel." R.R. at 15a. Moreover, Claimant never told Employer that the temporary job had ended or that the full-time employment did not come to fruition and she was available for future assignments. Rather, she chose to "not contact him." R.R. at 16a. Finally, Claimant checked the box "Quit" on her Questionnaire, and stated she did so because "[she]

5

was supposed to begin working on a long-term, full-time project for another employer and [she] was not expected to work for [Employer] . . . ." R.R. at 42a.

This Court has held:

> A capricious disregard of evidence occurs where the fact finder willfully and deliberately disregards competent and relevant evidence that one of ordinary intelligence could not possibly have avoided in reaching a result. The Pennsylvania Supreme Court has explained that review for capricious disregard of competent evidence is an 'appropriate component of appellate consideration in every case in which such question is properly before the court.' *Leon E. Wintermyer, Inc. v. Workers'* [*Comp.*] *Appeal* [*Bd.*] *(Marlowe),* . . . 812 A.2d 478, 487 ([Pa.] 2002). . . .
>
> **Disturbing an agency's adjudication for a capricious disregard of evidence is appropriate only where the factfinder** has refused to resolve conflicts in the evidence, has not made essential credibility determinations or **has completely ignored overwhelming evidence without comment.** *Hinkle v. City of* [*Phila.*]*,* 881 A.2d 22, 27 (Pa.[]Cmwlth.[]2005).

*Wise v. Unemployment Comp. Bd. of Review*, 111 A.3d 1256, 1262-63 (Pa. Cmwlth. 2015) (citation omitted; emphasis added).

Applying the above principles to the case *sub judice,* we are constrained to conclude that the UCBR capriciously disregarded competent and relevant evidence. Indeed, the UCBR expressly opined:

> [C]laimant did not quit this employment. [C]laimant informed [E]mployer that she might be leaving for a temporary assignment at 40 hours per week. She also stated that she would continue to assist the employer, depending on her availability. She did not know at that time what that availability would be, as she did not have a firm job offer. She is not ineligible for benefits under Section 402(b) of the Law.

UCBR Dec. at 2. Absent from the findings of fact and the discussion section of the UCBR's decision is any reference to Claimant's testimony that shortly after advising Employer she had a temporary job and would continue to assist him, she refused an assignment stating: "[She] was planning to start a full-time but temporary job soon with Special Counsel." R.R. at 15a. In fact, Claimant continued that "I actually started working . . . with Special Counsel." R.R. at 16a. Further, the UCBR did not comment on Claimant's testimony that she never told Employer that the temporary job had ended or that the full-time employment did not come to fruition and she was available for future assignments. Moreover, the UCBR ignored Claimant's testimony that she chose not to contact Employer. Finally, the UCBR disregarded Claimant's admission on her Questionnaire that she "Quit." R.R. at 42a. And the reason she quit was "to begin working on a long-term, full-time project for another employer . . . ." *Id.* Claimant signed the Questionnaire under penalty of perjury. *See* R.R. at 43a. Accordingly, we hold that the UCBR "completely ignored overwhelming evidence without comment." *Wise,* 111 A.3d at 1263.

The UCBR's decision reflects that it disregarded the undisputed competent record evidence and chose to make its decision in complete derogation of the testimony and the documentary evidence. The UCBR arbitrarily and capriciously disregarded both the Questionnaire and Claimant's testimony. "The UCBR's opinion [sic] under the capricious disregard standard erred as a matter of law, since there was no competent evidence to support the UCBR's finding that [Claimant did not voluntarily quit]. Claimant['s] . . . [Questionnaire] and [her] testimony . . . support[] the legal conclusion that [she] voluntar[il]y terminat[ed her employment]." *Eby v. Unemployment Comp. Bd. of Review*, 629 A.2d 176, 178 (Pa. Cmwlth. 1993).

Whether Claimant voluntarily terminated her employment is a question of law. *Watkins.* Here, the UCBR's findings of fact do not support its conclusion that Claimant met her "burden of establishing . . . that . . . [her] separation from

7

employment was involuntary . . . ." *Id.* at 1004. "A finding of voluntary termination is essentially precluded unless the claimant has a conscious intention to leave [her] employment. On the other hand, to be interpreted as a discharge, the employer's language must possess the immediacy and finality of a firing." *Id.* Although the UCBR found that "[C]laimant did not give a definite date of resignation[;]" (UCBR Dec. at 1), she certainly indicated "a conscious intention to leave [her] employment." *Watkins*, 65 A.3d at 1004. Moreover, the UCBR made no findings regarding Employer's language, let alone "language . . . possess[ing] the immediacy and finality of a firing." *Id.* Indeed, clearly absent from the UCBR's findings of fact are any actions made by Employer indicating a discharge of Claimant.

"[E]xamin[ing] the testimony in the light most favorable to [Claimant,] the prevailing party," as we must, Claimant's testimony, does not contain "relevant evidence upon which a reasonable mind could base [the] conclusion" that Claimant did not voluntarily quit her employment. *Sanders*, 739 A.2d at 618. Accordingly, the UCBR's conclusion that Claimant did not voluntarily quit her employment is not supported by substantial evidence.

> [A] determination that a claimant voluntarily quit is not an absolute bar to the recovery of [UC] benefits. A claimant may prove necessary and compelling reasons that could excuse the voluntary action of the claimant. An employee seeking unemployment compensation after voluntarily terminating employment has the burden of proving cause of a necessitous and compelling nature for the voluntary quit.

*Brunswick Hotel & Conference Ctr., LLC v. Unemployment Comp. Bd. of Review*, 906 A.2d 657, 660 (Pa. Cmwlth. 2006) (citations omitted). Here, however, when the Referee asked Claimant "do you have a position as to whether you quit the assignment with [Employer] or whether you were let go[,]" Claimant responded "I review it as being let go because he had the opportunity to call me back and he did

8

not." R.R. at 16a. As Claimant contended at that time that she did not voluntarily terminate her employment, she could not have proffered a necessitous and compelling reason for doing so.

Notwithstanding,

[a]n employee who claims to have left employment for a necessitous and compelling reason must prove that: (1) circumstances existed which produced real and substantial pressure to terminate employment; (2) such circumstances would compel a reasonable person to act in the same manner; (3) the claimant acted with ordinary common sense; and, (4) the claimant made a reasonable effort to preserve her employment.

*Brunswick Hotel,* 906 A.2d at 660. In the instant case, assuming Claimant maintained she had a necessitous and compelling reason for leaving her employment, she could not meet her burden of proving that she made a reasonable effort to preserve her employment as she testified that she "did not contact [Employer]" when he returned from his two-week absence. R.R. at 16a. Accordingly, we hold that Claimant did not have a necessitous and compelling reason for voluntarily leaving her employment.

For all of the above reasons, the UCBR's order is reversed.

_____
ANNE E. COVEY, Judge

9

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert A. Goldman,                          :
                Petitioner          :
                                     :
             v.                 :
                                       :
Unemployment Compensation          :
Board of Review,                          :    No. 2392 C.D. 2014
                Respondent       :

## O R D E R

AND NOW, this 25th day of September, 2015, the Unemployment Compensation Board of Review's December 11, 2014 order is reversed.

_____
ANNE E. COVEY, Judge