# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Stacey Lynn Gardner,          :
           Petitioner         :
                                   :
         v.                    : No. 1678 C.D. 2017
                                   : Submitted: May 7, 2018
Unemployment Compensation      :
Board of Review,               :
         Respondent      :

BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
                 HONORABLE MICHAEL H. WOJCIK, Judge
                 HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                             **FILED: May 24, 2018**

Stacey Lynn Gardner (Claimant) petitions for review of an order of the Unemployment Compensation Board of Review (Board) finding her ineligible for unemployment compensation benefits under Section 402(b) of the Unemployment Compensation Law (Law)[1] because she voluntarily quit her job at Farmers of Western Pennsylvania (Employer) without a necessitous and compelling reason. For the reasons that follow, we affirm.

Claimant began working at Employer in March 2000, and her last position was as a full-time underwriter. (Referee Decision and Order, Finding of Fact (F.F.) ¶1.) Claimant experienced health and mental health issues, including

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b). Section 402(b) provides, in relevant part, that a claimant "shall be ineligible for compensation for any week . . . [i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature." *Id*.

stress, anxiety, depression and stomach issues, for some time prior to her last day working for Employer. (*Id*., F.F. ¶2.) During the first three months of 2017, Claimant was absent from work on various occasions as a result of her health concerns, forcing her to exhaust her paid time off for the year. (*Id*., F.F. ¶3.) Claimant continued to utilize unpaid time off due to her health issues in the ensuing weeks. (*Id*., F.F. ¶4.) In early May 2017, Claimant informed Employer that she intended to resign with two weeks' notice because she "couldn't do this anymore," referencing her medical and psychological issues. (*Id*., F.F. ¶5; Certified Record (C.R.) Item 9, Hearing Transcript (H.T.) at 5.) Claimant voluntarily left employment with Employer on May 16, 2017. (Referee Decision and Order, F.F. ¶¶1, 6.)

Claimant filed an initial claim for unemployment compensation benefits with the Department of Labor and Industry on May 26, 2017. (C.R. Item 1, Claim Record.) The Unemployment Compensation Service Center issued a determination on June 27, 2017 finding Claimant ineligible for benefits under Section 402(b) of the Law.[2] (C.R. Item 5, Notice of Determination.) Claimant appealed and a hearing was held before a Referee on August 10, 2017. Claimant appeared, represented by counsel, and testified at the hearing. No representative for Employer appeared.

On August 11, 2017, the Referee issued a decision affirming the Service Center's determination that Claimant was ineligible for benefits under Section 402(b) of the Law because she did not meet her burden of proof to show that she had a necessitous and compelling reason for leaving employment with Employer.

---

[2] The Service Center also determined that Claimant was able and available for suitable employment and thus eligible for benefits under Section 401(d)(1) of the Law, 43 P.S. § 801(d)(1). (C.R. Item 5, Notice of Determination.) The Referee affirmed the Service Center's conclusion that Claimant was not disqualified for benefits under Section 401(d)(1). (Referee Decision and Order, Discussion at 3, Order.) That determination was not appealed and is not before this Court.

(Referee Decision and Order, Discussion at 3.) The Referee determined that Claimant failed to present sufficient competent evidence to establish that her medical and mental health conditions were of a sufficient dimension to compel her to leave her employment. (*Id*.) The Referee concluded that Claimant had offered only vague testimony regarding her health issues and no competent evidence to establish a causal link with her employment. (*Id*.) The Referee further concluded that Claimant did not show that her health conditions either prevented her from performing her job duties at Employer or that her work exacerbated or worsened her condition. (*Id*.)

Claimant appealed to the Board, which issued an order on October 4, 2017 affirming the Referee's decision and adopting and incorporating the Referee's findings of fact and conclusions of law. The Board additionally stated that

> [e]ven assuming the claimant provided sufficient competent evidence to meet her burden, the Board does not find credible medical evidence that the claimant suffered from medical conditions that were exacerbated by her employment, and were so severe that she was left with no reasonable alternative but to quit her position. There is no evidence that the claimant was acting on the advice of her treating physician.

(Board Order.) Claimant thereafter filed a timely petition for review with this Court.[3]

Where a claimant voluntarily terminates her employment, she has the burden to prove that the termination was for cause of a necessitous and compelling nature in order to be eligible for unemployment compensation benefits. *Watkins v. Unemployment Compensation Board of Review*, 65 A.3d 999, 1004 (Pa. Cmwlth.

---

[3] Our scope of review of the Board's decision is limited to determining whether errors of law were committed, constitutional rights or agency procedures were violated, and necessary findings of fact are supported by substantial evidence. *Watkins v. Unemployment Compensation Board of Review*, 65 A.3d 999, 1003 n.6 (Pa. Cmwlth. 2013).

2013); *Solar Innovations, Inc. v. Unemployment Compensation Board of Review*, 38 A.3d 1051, 1056 (Pa. Cmwlth. 2012). In order to show cause of a necessitous and compelling nature, a claimant must show not only that circumstances existed that produced a real and substantial pressure to terminate employment but also that she made a reasonable effort to preserve her employment. *Solar Innovations*, 38 A.3d at 1056; *Brunswick Hotel & Conference Center, LLC v. Unemployment Compensation Board of Review*, 906 A.2d 657, 662 (Pa. Cmwlth. 2006). The claimant must also demonstrate that she acted with ordinary common sense in quitting. *Solar Innovations*, 38 A.3d at 1056; *Craighead-Jenkins v. Unemployment Compensation Board of Review*, 796 A.2d 1031, 1033 (Pa. Cmwlth. 2002). The determination of whether a voluntary termination was of a necessitous and compelling nature is a legal conclusion subject to our plenary review. *PECO Energy Co. v. Unemployment Compensation Board of Review*, 682 A.2d 58, 61 (Pa. Cmwlth. 1996).

Health problems can constitute a necessitous and compelling reason to leave employment. *Genetin v. Unemployment Compensation Board of Review*, 451 A.2d 1353, 1355 (Pa. 1982); *Lee Hospital v. Unemployment Compensation Board of Review*, 637 A.2d 695, 698 (Pa. Cmwlth. 1994). To establish a health issue as a necessitous and compelling reason for leaving employment, the claimant must demonstrate through competent and credible evidence (i) health reasons of sufficient dimension compelled the claimant to quit; (ii) the claimant adequately informed the employer of the health problems; and (iii) the claimant is able and available for work if reasonable accommodations can be made. *Watkins*, 65 A.3d at 1004-05; *Lee Hospital*, 637 A.2d at 698. A claimant's failure to satisfy any one of these requirements will bar the claim for unemployment compensation benefits. *Lee*

4

*Hospital*, 637 A.2d at 698. A claimant is not required to produce medical testimony to meet her burden, and the health issues may be established through the claimant's own testimony and documentary evidence. *Watkins*, 65 A.3d at 1005; *Lee Hospital*, 637 A.2d at 698. This Court has held that emotional or psychological stress may constitute adequate health reasons for termination of one's employment. *Watkins*, 65 A.3d at 1004; *Lee Hospital*, 637 A.2d at 698; *Beattie v. Unemployment Compensation Board of Review*, 500 A.2d 496, 498 (Pa. Cmwlth. 1985) (*en banc*).

Claimant argues on appeal that she satisfied the three requirements to show that her health issues provided a necessitous and compelling reason for the termination of her employment. Claimant asserts that, through her own competent testimony, she demonstrated that she suffered from health and mental health issues that caused her to quit her job. Claimant argues that she satisfied the second requirement in *Lee Hospital* because Employer was well aware of her health issues and that when she gave her two weeks' notice she stated that her health issues were the reason that she could not continue to work for Employer. Lastly, Claimant argues that she clearly testified that she was able and available for suitable work if Employer had offered a reasonable accommodation.

Upon review, we conclude that the Board did not err in concluding that Claimant did not demonstrate a health condition that rose to the level of cause of a necessitous and compelling nature to justify her voluntary termination of employment. In unemployment compensation matters, the Board is the ultimate finder of fact and is empowered to resolve conflicts of evidence and to determine the weight to be assigned the evidence. *Peak v. Unemployment Compensation Board of Review*, 501 A.2d 1383, 1388 (Pa. 1985); *Kelly v. Unemployment Compensation Board of Review*, 172 A.3d 718, 725 (Pa. Cmwlth. 2017). The Board's evidentiary

5

determinations are within its sound discretion and "are not subject to re-evaluation on judicial review." *Peak*, 501 A.2d at 1388 (quoting *Miller v. Unemployment Compensation Board of Review*, 405 A.2d 1034, 1036 (Pa. Cmwlth. 1979)). Furthermore, the party prevailing below is entitled to the benefit of all reasonable inferences drawn from the evidence. *Kelly*, 172 A.3d at 725.

Here, while Claimant provided uncontroverted testimony that she suffered from stress, anxiety, depression and stomach issues and that Employer was aware of these issues, the Board's conclusion that Claimant's health conditions were not of sufficient dimension to compel her to quit her job is supported by the record. As the Board found, Claimant provided only a cursory list of her mental health issues and related stomach problems without relating any specifics on her conditions or the treatment she received. (C.R. Item 9, H.T. at 5.) Nor did Claimant attempt to introduce any medical documentation to corroborate her medical conditions. Though, as described above, expert medical testimony is not required in these cases, the Board is not required to find that a claimant's testimony and/or documentary evidence showed the health issue to be of sufficient dimension to justify termination of employment. *See Watkins*, 65 A.3d at 1005; *Emmitt v. Unemployment Compensation Board of Review*, 500 A.2d 510, 511 (Pa. Cmwlth. 1985). Furthermore, Claimant did not show why her health conditions compelled her to quit. While Claimant testified that she used up all of her paid leave during the first three months of 2017 and then continued to use her unpaid leave and that she informed Employer that she "couldn't do this anymore" when she gave notice, (C.R. Item 9, H.T. at 5-6), Claimant offered no evidence regarding what it was about her health conditions or her job that made it impossible for her to continue working at Employer. Instead, when asked by the Referee whether her health conditions

6

produced any work limitations, Claimant answered in the negative.  (C.R. Item 9, H.T. at 6.)

Accordingly, because Claimant did not meet her burden of proof that she suffered from a health condition that necessitated and compelled her to leave employment with Employer, the order of the Board ruling that Claimant was ineligible for unemployment compensation benefits is affirmed.

_____
JAMES GARDNER COLINS, Senior Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Stacey Lynn Gardner,                                :
           Petitioner             :
                                     :
          v.                          : No. 1678 C.D. 2017
                                     :
Unemployment Compensation               :
Board of Review,                        :
           Respondent             :

# **O R D E R**

AND NOW, this 24th day of May, 2018, the order of the Unemployment Compensation Board of Review in the above-captioned case is AFFIRMED.

_____
JAMES GARDNER COLINS, Senior Judge