IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mary L. Payne,                          :
               Petitioner             :
                               :
          v.                         :        No. 900 C.D. 2023
                               :        Submitted: September 9, 2024
Unemployment Compensation               :
Board of Review,                        :
               Respondent

BEFORE:   HONORABLE ELLEN CEISLER, Judge
               HONORABLE LORI A. DUMAS, Judge
               HONORABLE MARY HANNAH LEAVITT, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY SENIOR JUDGE LEAVITT         FILED: October 7, 2024

        Mary L. Payne (Claimant), *pro se*, petitions for review of an adjudication of the Unemployment Compensation Board of Review (Board) denying her application for unemployment compensation benefits. In doing so, the Board affirmed the Referee's determination that Claimant was ineligible for benefits under Section 402(b) of the Unemployment Compensation Law (Law)[1] because she voluntarily terminated her employment without cause of a necessitous and compelling nature. Discerning no error by the Board, we affirm.

        Claimant was employed as a housekeeper and laundry agent at Clarview Rest Home, Inc. (Employer), a nursing and rehabilitation center. She filed an application for unemployment compensation benefits effective March 13, 2022.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b). It provides, in relevant part, that "[a]n employe shall be ineligible for compensation for any week . . . [i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature[.]" *Id*.

The UC Service Center denied her application, finding that Claimant had voluntarily left her job without a necessitous and compelling reason. Claimant appealed, and a hearing was held before a Referee on September 9, 2022.

At the hearing, Claimant testified that, during the COVID-19 Pandemic, the number of patients at the rehabilitation and nursing center declined, causing her to be furloughed in March of 2021. Then, in September of 2021, Claimant was contacted by Sue Dietz, Employer's environmental supervisor, to "come in and sign some papers" so that she did not lose her two weeks' vacation. Notes of Testimony, 9/9/2022, at 7 (N.T. __); Certified Record at 74 (C.R. __). Claimant asked Dietz about the possibility of returning to work, but Dietz stated that "there were no jobs available at that time." *Id*. At the meeting on September 16, 2021, Claimant wrote the following statement:

> As of today 9-16-21 I am resigning my position and [sic] Clarview Nursing Home and Rehab Center do [sic] to retirement. I am requesting balance vacation time that I have left.

C.R. 27. She testified that Dietz told her that she "had to write something and to write this[,]" in order to get her two weeks' vacation. N.T. 7; C.R. 74. Claimant stated that she used the word "resigning" because Dietz told her to use that word. N.T. 8; C.R. 75.

Employer presented the testimony of its business office manager, Brenna Hergenroeder, and its environmental supervisor, Sue Dietz, who provided a different account of Claimant's separation from employment. Hergenroeder testified that Claimant was employed from April 28, 2015, until September 16, 2021. On March 8, 2021, Claimant was furloughed, and she received unemployment compensation benefits throughout the period of her furlough.

2

Dietz testified that she contacted Claimant and advised her that Employer had work available for her. Claimant responded that she had a job taking care of an elderly lady and that "she was retiring anyway." N.T. 11; C.R. 78. Claimant also stated that she wanted to be paid her accrued vacation time. Dietz told Claimant that she needed to fill out a form at Employer's office. Dietz denied telling Claimant that she had to retire and dictating her retirement note. Dietz testified that on September 16, 2021, Claimant came into the office and handed her a letter of resignation.

On cross-examination, Dietz reiterated that she had called Claimant about full-time work being available. Dietz testified that she received approval from Employer's administrator before offering the position to Claimant. Dietz confirmed that she did not instruct Claimant to write a note of resignation for retirement. She testified that she only provided Claimant instructions for getting her vacation pay. Dietz testified that when Claimant told her that she was retiring, she asked Claimant to provide Employer written notice of that decision.

Claimant provided additional testimony. She denied that Dietz had offered to reinstate her to her position because if Dietz had, she would have accepted the offer. Claimant testified that Dietz's testimony was not accurate about the note because it was "coerce[d]" by Dietz. N.T. 14; C.R. 81. Claimant acknowledged that she did tell Dietz that she "would possibly retire," and that she was "taking care of [her] mom." N.T. 14-15; C.R. 81-82.

Following the hearing, the Referee affirmed the denial of benefits, reasoning as follows:

> In this case, the claimant was furloughed March 9, 2021, due to the census at the facility being low. Based on the employer's creditable testimony on September 16, 2021, the claimant's supervisor made the claimant an offer to return to work on a full-

3

time basis, the claimant however said she was retiring any way [sic] and she wanted her unpaid vacation. The claimant was told she needed to fill out a form to receive her vacation pay from payroll, and she wrote a statement indicating that she was retiring, and she requested her unpaid vacation. The claimant was in no way coerced to write the statement, and she could have returned to work on a full-time basis. As such, the Referee cannot find that the Claimant has established a necessitous and compelling reason for leaving employment at the time the Claimant did or that the Claimant acted with ordinary common sense and made a good faith effort to preserve the employment.

Referee Decision at 2; C.R. 86. Benefits were denied under Section 402(b) of the Law.

Claimant appealed to the Board. She contended that the Referee was "not impartial, but bias[ed]" and requested a "fair hearing." C.R. 98. She denied being told that a full-time position was available and stated that she was "coerced to write a note," which note Employer then used to say she quit. C.R. 100.

On review, the Board adopted the Referee's findings and conclusions, with one amendment thereto. It deleted Finding of Fact No. 10 as written and replaced it with Claimant "voluntarily quit her employment for unknown reasons." Board Adjudication, 6/22/2023, at 1; C.R. 112.[2] As to Claimant's allegation that the Referee was not impartial, the Board stated that it reviewed the transcript of the hearing and found no evidence that the Referee had been biased. The Board noted that the Referee informed the parties of their rights, explained the law, and gave both parties the opportunity to testify and provide evidence. For these reasons, the Board denied her request for another hearing. Additionally, the Board stated that it resolved

---

[2] The Referee's Finding of Fact No. 10 stated "the claimant does not recall receiving an offer to return to work, and she felt she was coerced to write the statement." Referee Decision at 2, Finding of Fact No. 10; C.R. 86.

4

all conflicts in testimony in favor of Employer. Accordingly, Claimant was held to be ineligible for benefits under Section 402(b) of the Law.

Claimant petitioned for this Court's review.

On appeal,[3] Claimant argues that the Board's finding that she voluntarily resigned from her employment is not supported by substantial evidence but, rather, by "false statements" made by Employer's witnesses. Claimant Brief at 4, 7. Claimant contends that, contrary to the Board's finding, she did not "voluntarily quit [her] employment for unknown reasons[.]" Claimant Brief at 6.

By way of background, a claimant has the burden of proving that her separation from employment was a discharge. *Middletown Township v. Unemployment Compensation Board of Review*, 40 A.3d 217, 224 (Pa. Cmwlth. 2012) (quoting *Key v. Unemployment Compensation Board of Review*, 687 A.2d 409, 412 (Pa. Cmwlth. 1996)). A determination of whether a claimant's separation from employment was a voluntary resignation or a discharge is made by examining the facts surrounding the cessation of employment. *Greenray Industries v. Unemployment Compensation Board of Review*, 135 A.3d 1140, 1143 (Pa. Cmwlth. 2016) (quoting *Watkins v. Unemployment Compensation Board of Review*, 65 A.3d 999, 1004 (Pa. Cmwlth. 2013)). This determination is a question of law to be made based upon the Board's findings. *Id.*

It is well established that the Board's findings of fact "are conclusive on appeal so long as the record, taken as a whole, contains substantial evidence to support those findings." *Taylor v. Unemployment Compensation Board of Review*,

---

[3] This Court's review determines whether constitutional rights were violated, whether errors of law were committed, or whether the findings of fact were supported by substantial evidence. *Sheets v. Unemployment Compensation Board of Review*, 708 A.2d 884, 885 n.3 (Pa. Cmwlth. 1998).

378 A.2d 829, 831 (Pa. 1977). Substantial evidence has been "defined as 'such relevant evidence which a reasonable mind might accept as adequate to support a conclusion.'" *Hope v. Unemployment Compensation Board of Review*, 308 A.3d 944, 947 (Pa. Cmwlth. 2024) (quoting *Western and Southern Life Insurance Co. v. Unemployment Compensation Board of Review*, 913 A.2d 331, 335 (Pa. Cmwlth. 2006)). This Court's duty is "to examine the testimony in the light most favorable to the party in whose favor the Board has found, giving that party the benefit of all inferences that can logically and reasonably be drawn from the testimony, to see if substantial evidence for the Board's conclusion exists." *Taylor*, 378 A.2d at 831. Moreover, "even if there is contrary evidence of record, the Board's findings of fact are binding upon the Court where supported by substantial evidence." *Cambria County Transit Authority ("CamTran") v. Unemployment Compensation Board of Review*, 201 A.3d 941, 947 (Pa. Cmwlth. 2019) (quoting *Borough of Coaldale v. Unemployment Compensation Board of Review*, 745 A.2d 728, 731 (Pa. Cmwlth. 2000)).

Applying the above principles, we conclude that the Board's finding that Claimant voluntarily quit is supported by substantial evidence. This evidence includes the testimony of Dietz that she contacted Claimant about the full-time work available for her, but Claimant responded that she was retiring. Dietz also testified that to obtain compensation for her accrued vacation days, Claimant had to give written notice. That note is in the record. Although Claimant insisted that she was coerced into writing the note, the Referee found otherwise by crediting Dietz's testimony over Claimant's after hearing their testimony and observing their demeanor.

Claimant is really challenging the credibility determinations made by the Board to resolve conflicting testimony. It is well settled that when the evidence is conflicting, "it is not this [C]ourt's function to balance that evidence. Questions of credibility and the resolution of evidentiary conflicts are within the sound discretion of the Board, and are not subject to re-evaluation on judicial review." *Miller v. Unemployment Compensation Board of Review*, 405 A.2d 1034, 1036 (Pa. Cmwlth. 1979). Moreover, as the prevailing party below, Employer is entitled to the benefit of all reasonable inferences drawn from the evidence. *Taylor*, 378 A.2d at 831. That Claimant views the facts differently does not create grounds for reversal if the Board's findings are supported by substantial evidence. *Tapco, Inc. v. Unemployment Compensation Board of Review*, 650 A.2d 1106, 1108–09 (Pa. Cmwlth. 1994).

Accordingly, we affirm the Board's determination that Claimant voluntarily quit her employment and is ineligible for benefits under Section 402(b) of the Law.

_____
MARY HANNAH LEAVITT, President Judge Emerita

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mary L. Payne,
          Petitioner

          v.

Unemployment Compensation
Board of Review,
          Respondent

:
:
:
:
:
:
:
:

No. 900 C.D. 2023

## **O R D E R**

AND NOW, this 7th day of October, 2024, the adjudication of the Unemployment Compensation Board of Review, dated June 22, 2023, in the above-captioned matter, is AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge Emerita